IN THE SUPREME COURT OF MISSISSIPPI

NO. 2010-CA-00599-SCT

*WALTER D. AKINS*
*d/b/a AKINS CONSTRUCTION COMPANY*

*v.*

*MISSISSIPPI DEPARTMENT OF REVENUE*
*f/k/a MISSISSIPPI STATE TAX COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/2010 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | HARRIS H. BARNES, III |
| | JAMES GARY MCGEE |
| ATTORNEYS FOR APPELLEE: | JAMES L. POWELL |
| | KENITTA FRANKLIN TOOLE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 09/22/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., PIERCE AND KING, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Tax Commission (Commission)[1] assessed a contractor's tax against

Walter D. Akins, d/b/a Akins Construction Company. Akins challenged the assessment

administratively. After exhausting his administrative remedies, Akins appealed to the

Chancery Court for the First Judicial District of Hinds County. The chancellor dismissed his

---

[1]In 2009, legislation reorganized the State Tax Commission and placed its administrative functions in a Department of Revenue and its authority over administrative appeals in an independent Board of Tax Appeals, and made conforming amendments and repeals as necessary to accomplish the same. 2009 Miss. Laws 492 § 115.

complaint for failure to comply with Mississippi Code Section 27-77-7 (Rev. 2005),[2] which requires a taxpayer seeking judicial review to pay the amount ordered before filing the petition or attach a security bond, for double the amount in controversy, with the petition to appeal. Akins appeals to this Court, arguing that he was deprived of his right to due process because the appeal provisions codified in Section 27-77-7 are unconstitutional. Finding that the statute does meet constitutional standards and that Akins failed to pay the tax or post a bond in order to grant jurisdiction to the chancery court, we affirm the decision of the chancellor.

## FACTS AND PROCEDURAL HISTORY

¶2. Akins has worked as a contractor for approximately fifteen years in Starkville, Mississippi. Following an audit of Akins's records, the Commission assessed contractor's taxes against Akins for the period of January 1, 2002, through September 30, 2005.

¶3. During that time period, Akins completed work on two churches. The Commission determined that Akins had not paid the contractor's tax[3] on the contracts for the two churches

---

[2]Mississippi Code Annotated Section 27-77-7 was amended during the 2009 general session. 2009 Miss. Laws 492 § 115. Among other things, the amendment lengthens the time to file an appeal from thirty (30) days to sixty (60) days, reduces the bond required in lieu of payment from double to one-half the amount in controversy, and gives the chancellor the authority to waive the bond in its entirety if the court finds the State's interest is adequately protected. The amendment's effective date was July 1, 2010. The amendment excluded all pending tax claims; thus, rendering the amendment inapplicable to this appeal. *See* Miss. Code Ann. § 27-77-7 (Rev. 2010).

[3]Mississippi Code Section 27-65-21(1)(a)(i) requires "every person engaging or continuing in this state in the business of contracting or performing a contract or engaging in any of the activities, or similar activities, listed below for a price, commission, fee or wage, there is hereby levied, assessed and shall be collected a tax equal to three and one-half percent (3- ½ %) of the total contract price or compensation received . . . ." *See* Miss. Code Ann. § 27-65-21(1)(a)(i) (Rev. 2010).

and owed $22,640. Akins claimed that he was unaware the contracts were subject to the contractor's tax, and as a result, failed to obtain a tax exemption for component parts.[4] Akins paid no contractor's tax, but argues that he did pay sales tax on all component materials at a rate of seven percent,[5] and the taxes that were paid are more than sufficient to offset the assessment due for the contractor's tax.

¶4.     Akins appealed the Commission's assessment to the Commission's Board of Review. On August 1, 2008, the Board of Review issued an order affirming the assessment but reducing the amount to $20,139. Thereafter, Akins appealed to the full Commission. A hearing was held on June 3, 2009, and on July 14, 2009, the full Commission entered an order affirming the assessment as reduced by the Board of Review.

¶5.     On August 13, 2009, Akins filed an appeal in chancery court, requesting that the sales tax he paid on component materials be applied to the amount of contractor's tax assessed against him. As a result of the application, Akins requested that the contractor's tax be deemed to have been paid in full and that he be given a refund for sales tax paid in excess of the assessment. On September 14, 2009, in lieu of an answer, the Commission filed a motion

---

[4]Mississippi Code Section 27-65-21(3) instructs a person performing a construction activity contract to apply for and obtain a material purchase certificate from the commissioner which may entitle the holder to purchase materials and services that are to become a component part of the structure to be erected or repaired with no tax due. *See* Miss. Code Ann. § 27-65-21(3) (Rev. 2010).

[5]Mississippi Code Section 27-65-17(1)(a) states that "every person engaging or continuing within this state in the business of selling any tangible personal property whatsoever there is hereby levied, assessed and shall be collected a tax equal to seven percent (7%) of the gross proceeds of the retail sales of the business." *See* Miss. Code Ann. § 27-65-17(1)(a) (Rev. 2010).

3

to dismiss. The Commission argued that the chancery court was without subject-matter jurisdiction because Akins failed to perfect his appeal by posting a bond or paying the tax. Pursuant to Mississippi Code Section 27-77-7,[6] the chancery court has jurisdiction over an appeal from the Commission only if the taxpayer pays the amount ordered before filing the petition or attaches a security bond, for double the amount in controversy, with the petition to appeal. Miss. Code Ann. § 27-77-7 (Rev. 2005). The Commission argued that, because Akins had failed to perfect his appeal, the appeal should be dismissed.

---

[6]At the time of Akins's appeal, Section 27-77-7 stated the following, in pertinent part:

(1) The findings and order of the commission entered under Section 27-77-5 shall be final unless the taxpayer shall, within thirty (30) days from the date of the order, file a petition in the chancery court appealing the order and pay the tax or post the bond as required in this chapter. The petition shall be filed against the State Tax Commission and shall contain a concise statement of the facts as contended by the taxpayer, identify the order from which the appeal is being taken and set out the type of relief sought.

. . .

(3) A petition filed under subsection (1) of this section that appeals an order of the commission affirming a tax assessment, shall be accompanied by a surety bond approved by the clerk of the court in a sum double the amount in controversy, conditioned to pay the judgment of the court. The clerk shall not approve a bond unless the bond is issued by a surety company qualified to write surety bonds in this state. As an alternative to the posting of bond, a taxpayer appealing an order of the commission affirming a tax assessment may, prior to the filing of the petition, pay to the agency, under protest, the amount ordered by the commission to be paid and seek a refund of such taxes, plus interest thereon.

(4) . . . The chancery court in which a petition under subsection (1) of this section is properly filed shall have jurisdiction to hear and determine said cause or issues . . . .

Miss. Code Ann. § 27-77-7 (Rev. 2005).

¶6. On October 8, 2009, Akins filed his response to the motion to dismiss, and a hearing was held on October 9, 2009. During the hearing, Akins argued that subject-matter jurisdiction was proper because he had paid sales tax on component material purchases, and if he had been properly credited for the tax paid, Section 27-77-7 would be satisfied. At the time of the hearing, Akins had provided documentation to the Commission that he had paid seven percent sales tax in the amount of $5,104.27 on component material purchases of $77,299.10. In addition, Akins argued that Section 27-77-7 violated the Fourteenth Amendment to the United States Constitution because it deprived him of due process of law. The chancellor adjourned the hearing, instructing the Commission to review the documentation provided by Akins and requesting Akins to attempt to obtain a bond.

¶7. On November 20, 2009, Akins provided more documentation to the Commission. The documentation indicated that he had paid seven percent sales tax in the amount of $12,242.36 on component material purchases of $187.961.70. On January 14, 2010, the chancellor reconvened the hearing on the Commission's motion to dismiss. The Commission reported that it had reviewed Akins's records and was willing to credit Akins in the amount of $1,331.78, resulting in an assessment of $19,887. The Commission further argued that, even with the credit, the court lacked subject-matter jurisdiction. Akins reported that he had attempted, but was unable, to secure a bond, and accordingly, renewed his constitutional objections.

¶8. On March 9, 2010, the chancellor granted the Commission's motion to dismiss for lack of subject matter jurisdiction due to Akins's failure to pay the taxes under protest or to post bond within the statutory time period allotted. On April 7, 2010, Akins filed his notice

5

of appeal. Akins argues that the conditions prescribed by Section 27-77-7 render the opportunity for judicial review constitutionally inadequate, depriving him of his right to due process of law.[7]

## DISCUSSION

¶9. "Whether [a party] received due process is a question of law, which this Court will review de novo." *J.C.N.F. v. Stone County Dep't of Human Servs.*, 996 So. 2d 762, 770 (¶ 27) (Miss. 2008). Whether Akins received due process turns on the issue of statutory interpretation. Statutory interpretation is also a matter of law, and is to be reviewed de novo. *Adams v. Baptist Mem'l Hospital-Desoto, Inc.*, 965 So. 2d 652, 655 (Miss. 2007) (citations omitted).

¶10. Akins's claim, that he is being deprived of his day in court, involves the concept of procedural due process. *Jones v. Miss. Dep't of Transp.*, 744 So. 2d 256, 265 (Miss. 1999) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S. Ct. 1148, 1154, 71 L. Ed. 2d 265 (1982). To prevail, Akins must prove (1) he was deprived of a protected property interest and (2) he was denied the process due him. *Id*.

### 1. Protected Property Interest

¶11. The United States Supreme Court has recognized that the "exaction of a tax constitutes a deprivation of property, [and] the State must provide procedural safeguards

_____

[7]Akins filed his notice of appeal concerning the validity of a statute, but failed to serve a copy of his brief, clearly setting out the question presented, on the Attorney General. Pursuant to Mississippi Rule of Appellate Procedure 44(c), this Court provided notice and a right to respond to the Attorney General. On August 17, 2011, the Attorney General filed his response.

against unlawful exactions in order to satisfy the commands of the Due Process Clause." ***McKesson v. Div. of Alcoholic Beverages and Tobacco***, 496 U.S. 18, 36, 110 S. Ct. 2238, 2250, 110 L. Ed. 2d 17 (1990).

### 2. Due Process

¶12. Generally, due process requires notice and a meaningful opportunity to be heard. ***Vincent v. Griffin***, 872 So. 2d 676, 678 (2004) (citations omitted). In the context of tax assessments and collections, a meaningful opportunity to be heard requires that a taxpayer be provided with either a predeprivation process or postdeprivation process to contest the validity of an imposed tax. ***McKesson***, 496 U.S. at 36-37.

*Predeprivation Process*

¶13. Mississippi Code Section 27-77-5 (Rev. 2005) provides a predeprivation process in which a taxpayer has the opportunity to be heard. An aggrieved taxpayer may first appeal to the Board of Review. The Board of Review is composed of employees of the agency appointed to the Board by the Commissioner to hear matters in a quorum of not less than three. From there, the taxpayer may appeal to the full Commission, consisting of the Commissioner and two Associate Commissioners. Akins availed himself of both of these opportunities and was heard by both administrative bodies.

¶14. Akins argues that administrative review is not sufficient, and he is entitled to judicial review. We disagree. Administrative-review procedures are adequate in providing due process if the hearings are conducted before an individual is deprived of a property interest. ***Matthews v. Eldridge***, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d. 18 (1976) (citations omitted).

7

¶15.  Akins was provided a predeprivation process, two hearings through administrative review, to contest the validity of the tax.  Akins was afforded due process.

*Postdeprivation Process*

¶16.  In order for a postdeprivation process to satisfy the Due Process Clause, the State must provide taxpayers with a fair opportunity to challenge the accuracy and legal validity of their tax obligation and a "clear and certain remedy" for any erroneous or unlawful tax collection. ***McKesson***, 496 U.S. at 38 (citing ***Atchison, T. & S.F. Ry. Co. v. O'Connor***, 223 U.S. 280, 285, 32 S. Ct. 216, 217, 56 L. Ed. 436 (1912)).

¶17.  Mississippi Code Section 27-77-7 requires the taxpayer to pay the amount in controversy or post a bond for double the amount before seeking judicial review.  Miss. Code Ann. § 27-77-7 (Rev. 2005).  In ***McKesson***, the United States Supreme Court held "that a State need not provide predeprivation process for the exaction of taxes."  ***Id***. at 37. "[A]llowing taxpayers to litigate their tax liabilities prior to payment might threaten a government's financial security, both by creating unpredictable interim revenue shortfalls against which the State cannot easily prepare, and by making the ultimate collection of validly imposed taxes more difficult."  ***Id***.  Thus, the requirement to pay the tax before seeking judicial review has been held to provide taxpayers with a fair opportunity to challenge the validity of the tax.

¶18.  The State may satisfy the obligation of providing a clear and certain remedy through any form of relief, including a refund of the excess taxes.  ***Id***.  In this case, Akins argues that he paid sales tax and deserves a refund or credit for what he paid over and above what was due as contractor's tax.  Section 27-77-7 provides the taxpayer with the process for seeking

8

a refund or credit for an alleged overpayment of tax or for taxes paid in protest. This court has held that a refund is a clear and certain remedy. *See H.J. Wilson Co., Inc. v. State Tax Comm'n of State*, 737 So. 2d 981 (Miss. 1998). Accordingly, Akins was provided a postdeprivation process, a fair opportunity to challenge the tax and the ability to receive a refund if successful. Akins was afforded due process.

## CONCLUSION

¶19. Mississippi Code Sections 27-77-5 and 27-77-7 provided Akins two full administrative hearings and an opportunity for judicial review in order to contest the validity of the tax assessment. The due process requirements were satisfied by both a predeprivation and a postdeprivation process for review. Finding that the statute does meet constitutional standards and Akins failed to pay the tax or post a bond in order to grant jurisdiction to the chancery court, we affirm the decision of the chancellor.

¶20. **AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOPLH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**