LAMAR, Justice,
 

 for the Court:
 

 ¶ 1. In 2006, Chander Paul Khurana was audited by the Mississippi State Department of Revenue (MSDR)
 
 [1]
 
 and assessed taxes. Khurana appealed the assessments to the Board of Review and eventually the full State Tax Commission, both of which affirmed the assessments. On October 4, 2007, Khurana filed his petition appealing the assessments to the Pike County Chancery Court; however, he did not pay the taxes or post a bond at the time he filed his petition, as required by statute.
 
 [2]
 
 MSDR filed a motion for summary judgment and dismissal pursuant to Mississippi Rules of Civil Procedure 56 and 12(b)(1), (2) and (6),
 
 [3]
 
 arguing that Khurana had failed to perfect his appeal, therefore depriving the chancery court of jurisdiction to hear his appeal. The chancellor denied the motion and ultimately affirmed the assessments. Khurana now appeals to this Court, claiming the full Commission and chancery court acted arbitrarily and capriciously.
 
 [4]
 
 MSDR cross-appeals, claiming the chancellor erred in denying its motion for summary judgment and dismissal. Al
 
 *853
 
 though various issues are presented to us on appeal, we find that the question of whether Khurana perfected his appeal is dispositive and limit our discussion to that issue.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On December 20, 2005, MSDR mailed Khurana a letter notifying him that his stores, VK Quick Mart and VK Wine and Liquor, had been selected for an audit by MSDR, to be performed January 4, 2006. After the audit, MSDR issued assessments against Khurana’s two stores, which he appealed to the Board of Review. After a hearing, the Board affirmed the assessments.
 

 ¶ 3. Khurana next appealed the assessments to the full Commission. On June 20, 2007, the full Commission conducted a hearing, at which Khurana disputed the audit findings of MSDR. On September 4, 2007, the Commission entered two orders assessing delinquent sales taxes against Khurana’s two businesses. The first order totaled $79,797 in sales tax against Khura-na’s business, VK Quickmart; the second order assessed $5,062 in sales tax against Khurana’s second business, VK’s Wine & Liquor.
 

 ¶ 4. Khurana filed his petition appealing the Commission’s orders with the Chancery Court of Pike County on October 4, 2007. At the time he filed his notice of appeal, Khurana did not post a bond or pay the taxes under protest as required by Mississippi Code Section 27-77-7. However, he paid the taxes on October 11, 2007, although he was $212 short of the total due.
 

 ¶ 5. On November 5, 2007, MSDR filed a motion for summary judgment and dismissal, arguing that the chancery court lacked jurisdiction due to Khurana’s failure to pay the aforementioned taxes within the thirty-day appeal period required by Mississippi Code Sections 27-77-5(7) (2005) and 27-77-7(1X3) (2005). The chancellor denied MSDR’s motion for summary judgment and dismissal, holding that, because Khurana “cured the deficiency in the failure to either file the bond or prepay the taxes,” it would be “an inequitable forfeiture to deny him the opportunity to pursue a court review of the assessment.”
 

 ¶ 6. At trial, the chancery court found that Khurana had failed to overcome the prima facie correctness of MSDR’s audit, granted MSDR’s Rule 41(b) motion to dismiss with prejudice, and affirmed the assessments. Aggrieved, both parties appealed various issues to this Court. Because we find the issue of whether the chancery court erred in denying MSDR’s motion for summary judgment and dismissal dispositive, we limit our discussion to that point.
 

 DISCUSSION
 

 ¶ 7. In considering a trial court’s grant or denial of summary judgment and motion to dismiss, we apply a de novo standard of review.
 
 [5]
 

 ¶ 8. In its motion for summary judgment and dismissal, MSDR argued that Khurana did not pay his taxes within the statutory time limit, therefore failing to perfect his appeal and depriving the chancery court of jurisdiction to hear the cause. Taxpayer appeals of an order of the Commission are governed by Mississippi Code Section 27-77-7, which provides that “(1) [t]he findings and order of the commission entered under Section 27-77-5 shall be final unless the taxpayer
 
 shall,
 
 
 *854
 
 ■within thirty (30) days from the date of the order, file a petition in the chancery court appealing the order
 
 and pay the tax or post the bond as required in this chap
 
 ter.”
 
 [6]
 
 While Khurana filed his petition with the Pike County Chancery Court within thirty days of the Commission’s orders, he did not pay the taxes or post a bond until after the thirty days had run.
 

 ¶ 9. “A basic tenet of statutory construction is that ‘shall’ is mandatory and ‘may’ is discretionary.”
 
 [7]
 
 Mississippi Code Section 27-77-7(1) states that “the taxpayer
 
 shall
 
 within thirty (30) days from the date of the order, file a petition in the chancery court appealing the order
 
 and
 
 pay the tax or post the bond as required in this chapter.”
 
 [8]
 
 Reading further, Mississippi Code Section 27-77-7(3) states,
 

 A petition filed under subsection (1) of this section that appeals an order of the commission affirming a tax assessment,
 
 shall be accompanied by a surety bond
 
 approved by the clerk of the court in a sum double the amount in controversy, conditioned to pay the judgment of the court. The clerk shall not approve a bond unless the bond is issued by a surety company qualified to write surety bonds in this state. As
 
 an alternative to the posting of bond,
 
 a taxpayer appealing an order of the commission affirming a tax assessment
 
 may, prior to the filing of the petition, pay to the agency, under protest, the amount ordered by the commission to be paid
 
 and seek a refund of such taxes, plus interest thereon.
 
 [9]
 

 The statute is mandatory, and the appealing party is required not only to file a petition in the chancery court,
 
 but also to pay
 
 the bond or tax within the thirty-day period.
 

 ¶ 10. This Court previously has addressed the failure to pay an appeal bond under Mississippi Code Section 27-77-7 (2005) in the case of
 
 Akins v. Mississippi Department of
 
 Revenue,
 
 [10]
 
 In that case, this Court affirmed the chancellor’s order to dismiss for failure to properly perfect Akins’s appeal.
 
 [11]
 
 Akins was a contractor who had been assessed delinquent contractor’s taxes by MSDR.
 
 [12]
 
 Akins appealed the audit results to the Commission’s Board of Review and then to the full Commission.
 
 [13]
 
 After the full Commission affirmed the Board of Review’s assessment, Akins filed an appeal with chancery court, but failed to pay the taxes owed or a security bond.
 
 [14]
 
 Once in chancery court, MSDR filed a motion to dismiss, alleging the chancery court lacked subject matter jurisdiction due to Akins’s failure to pay taxes or post bond.
 
 [15]
 
 The chancellor subsequently granted the motion and dismissed the case.
 
 [16]
 
 Akins appealed to this Court.
 
 [17]
 
 This Court found that the chancery court
 
 *855
 
 did not have subject matter jurisdiction because Akins had failed to pay the bond or the tax.
 
 [18]
 

 ¶ 11. We take this opportunity to clarify
 
 Akins
 
 on the issue of jurisdiction. This Court in
 
 Akins
 
 reviewed Mississippi Code Section 27-77-7(4), which provides, “[t]he chancery court in which a petition under subsection (1) is properly filed shall have
 
 jurisdiction
 
 to hear and determine said cause or issues.... ” (Emphasis added.) Although this Court used the term “subject matter jurisdiction” to explain Akins’s failure to perfect his appeal, failure to perfect an appeal under Mississippi Code Section 27-77-7 does not divest the chancery court of
 
 subject matter
 
 jurisdiction. Subject matter jurisdiction refers only to the court’s power to exercise authority over the nature of the case and type of relief sought.
 
 Black’s Law Dictionary
 
 689 (abr. 7th ed.2000). Clearly, chancery courts do have subject matter jurisdiction over appeals from tax assessments ordered by the Commission. However, failure to perfect such an appeal would deprive the chancery court of authority to review and revise the particular cause or issues presented in that appeal, since the chancery court’s authority to review the decisions of the Commission is governed by compliance with the statute. We have held that a circuit court “has no authority to judicially create a right of appeal from an administrative agency in the absence of clear statutory authority therefore.”
 
 [19]
 
 Likewise, a chancery court has no authority to create a right of appeal from an administrative agency in the absence of clear statutory authority.
 
 [20]
 
 In other words, the chancery court is without
 
 appellate
 
 jurisdiction over an appeal filed under Mississippi Code Section 27-77-7 that is not in full compliance with the statutory requirements.
 

 ¶ 12. Khurana, like the appellant in
 
 Akins,
 
 filed a petition to appeal the assessments ordered by the Commission, but failed to pay the tax or post a bond within the thirty-day period. Therefore, he did not fulfill the mandatory requirements necessary to properly perfect his appeal under Mississippi Code Section 27-77-7.
 

 CONCLUSION
 

 ¶ 13. Mississippi Cqde Section 27-77-7 clearly mandates that a taxpayer
 
 must
 
 file a petition in chancery court
 
 and
 
 either pay the tax or post a bond within the thirty-day time limit in order to properly perfect an appeal from an order of the Commission. Khurana failed to comply with the statutory requirements, as he did not pay his tax or post a bond until after the time limit had expired. Therefore, the chancery court did not have appellate jurisdiction over Khurana’s appeal, and should have granted MSDR’s motion for summary judgment and dismissal. We therefore reverse the judgment of the chancery court and render judgment for the Mississippi Department of Revenue.
 

 ¶ 14. Because the chancery court should not have reached the merits of the case, the chancery court’s order affirming the assessments is vacated. The order of the Commission remains in effect.
 

 ¶ 15. ON DIRECT APPEAL: DISMISSED. ON CROSS-APPEAL: REVERSED AND RENDERED.
 

 
 *856
 
 WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.
 

 [1]
 

 . At the time of the audit, the Mississippi Department of Revenue was known as the Mississippi State Tax Commission.
 

 [2]
 

 . Mississippi Code Section 27-77-7 provides that "(1) [t]he findings and order of the commission entered under Section 27-77-5 shall be final unless the taxpayer shall, within thirty (30) days from the date of the order, file a petition in the chancery court appealing the order
 
 and pay the tax or post the bond as required in this chapter."
 
 Miss.Code Ann. § 27-77-7 (2005) (emphasis added).. Section 27-77-7 was revised in 2010. As the previous version was in effect at the time Khurana filed his petition in the chancery court, we apply the previous version to the facts of this case.
 

 [3]
 

 . We note that the proper motion to file alleging that a party has failed to perfect his or her appeal is a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, not a Rule 56 motion for summary judgment on the merits of the action.
 

 [4]
 

 . Based on the court’s disposition in this case, Khurana’s appeal is dismissed as moot.
 

 [5]
 

 .
 
 WW, Inc. v. Rainbow Casino-Vicksburg P’ship, L.P.,
 
 68 So.3d 1290, 1292 (Miss.2011);
 
 Jones v. City of Ridgeland,
 
 48 So.3d 530, 539 (Miss.2010) (citations omitted).
 

 [6]
 

 . Miss.Code Ann. § 27-77-7 (2005) (emphasis added).
 

 [7]
 

 .
 
 Franklin v. Franklin ex rel. Phillips,
 
 858 So.2d 110, 115 (Miss.2003) (citing
 
 Planters Bank & Trust Co. v. Sklar,
 
 555 So.2d 1024, 1027 (Miss.1990)).
 

 [8]
 

 . Miss.Code Ann. § 27-77-7(1) (2005) (emphasis added).
 

 [9]
 

 . Miss.Code Ann. § 27-77-7(3) (2005) (emphasis added).
 

 [10]
 

 .
 
 Akins v. Miss. Dep’t. of Revenue,
 
 70 So.3d 204 (Miss.2011).
 

 [11]
 

 . Mat 210.
 

 [12]
 

 .
 
 Id.
 
 at 206.
 

 [13]
 

 .
 
 Id.
 

 [14]
 

 .
 
 Id.
 
 at 207.
 

 [15]
 

 .
 
 Id.
 

 [16]
 

 .
 
 Id.
 

 [17]
 

 .
 
 Id.
 
 at 207-208.
 

 [18]
 

 .
 
 Id.
 
 at 209.
 

 [19]
 

 .
 
 Miss. Transp. Comm’n v. Eng'g Assoc.,
 
 39 So.3d 1, 2 (Miss.2010).
 

 [20]
 

 .See generally Miss. Transp. Comm’n,
 
 39 So.3d 1 (no appellate jurisdiction over agency decision unless clearly provided by statute);
 
 Bickham v. Dep’t of Mental Health, 592
 
 So.2d 96 (Miss. 1991) (same).