# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-SA-01905-SCT

*SOUTHSIDE, INC. d/b/a WINES, ETC., AND*
*BARRY AND SARABETH ARTZ*

*v.*

*MISSISSIPPI DEPARTMENT OF REVENUE BY*
*AND THROUGH THE COMMISSIONER,*
*EDWARD MORGAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/27/2013 |
| TRIAL JUDGE: | HON. DOROTHY WINSTON COLOM |
| TRIAL COURT ATTORNEYS: | JEFFREY C. SMITH |
| | JAMES L. POWELL |
| | ABIGAIL MARSHALL MARBURY |
| | COURTNEY BRADFORD SMITH |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JEFFREY C. SMITH |
| | COURTNEY BRADFORD SMITH |
| ATTORNEYS FOR APPELLEES: | JAMES L. POWELL |
| | ABIGAIL MARSHALL MARBURY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 11/20/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE DICKINSON, P.J., KITCHENS AND CHANDLER, JJ.

### DICKINSON, PRESIDING JUSTICE, FOR THE COURT:

¶1.     Taxpayers appealed a Board of Tax ruling without satisfying the statutory requirements of paying the disputed taxes under protest before appealing or posting a surety bond with their appeal.  Because the chancery court lacked appellate jurisdiction to hear the appeal, the chancellor granted the Department of Revenue's motion to dismiss.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.    In June 2011 the Department of Revenue assessed additional individual, sales, and corporate taxes against Barry and Sarabeth Artz and their business, Southside, Inc., doing business as Wines, Etc. ("the taxpayers"). The taxpayers appealed to the Board of Review, where the assessments were affirmed. The taxpayers then appealed to the Board of Tax Appeals.

¶3.    On January 16, 2013, the Board of Tax Appeals upheld the additional assessments. On February 5, 2013—after exhausting their administrative remedies—the taxpayers appealed the Board of Tax Appeals ruling to the Lowndes County Chancery Court. The taxpayers did not pay their taxes under protest before filing their appeal, nor did they post a surety bond with their appeal. The Department of Revenue filed a motion to dismiss the taxpayers' appeal for lack of appellate jurisdiction and failure to state a claim, which the chancery court granted. Aggrieved, the taxpayers appealed to this Court.

**ANALYSIS**

¶4.    This Court reviews a trial court's grant of a motion to dismiss *de novo*.[1] Section 27-77-7 of the Mississippi Code gives the chancery court appellate jurisdiction to hear appeals from the Board of Tax Appeals.[2] The statute provides that "[t]he findings and order of the Board of Tax Appeals . . . shall be final unless the agency or the taxpayer shall, within sixty

---

[1] *Children's Med. Grp., P.A. v. Phillips*, 940 So. 2d 931, 933 (Miss. 2006) (citing *Webb v. DeSoto Cnty.*, 843 So. 2d 682, 684 (Miss. 2003)).

[2] *Khurana v. Miss. Dep't of Revenue*, 85 So. 3d 851, 855 (Miss. 2012) (citing *Akins v. Miss. Dep't of Revenue*, 70 So. 3d 204, 209 (Miss. 2011)).

(60) days from the date of the order, file a petition in the chancery court appealing the order."[3]

¶5.    The statute further requires that "[a] petition filed by a taxpayer . . . that appeals an order of the Board of Tax Appeals affirming a tax assessment shall be accompanied by a surety bond."[4]  However, "[a]s an alternative to the posting of bond, a taxpayer appealing an order of the Board of Tax Appeals affirming a tax assessment may, prior to the filing of the petition, pay to the agency, under protest, the amount ordered . . . to be paid."[5]

¶6.    We have held that "the chancery court is without appellate jurisdiction over an appeal filed under Mississippi Code Section 27-77-7 that is not in full compliance with the statutory requirements."[6]  In this case, the taxpayers failed to comply with the statutory requirements by either paying their taxes under protest *before* appealing, or posting a surety bond *with* their petition.  So the chancery court lacked appellate jurisdiction over the taxpayers' appeal. And the chancellor properly dismissed their petition.

¶7.    The taxpayers also have raised the question of what procedure controls appeals filed under Section 27-77-7.  The taxpayers argue that the Mississippi Rules of Civil Procedure apply and that the chancellor should have applied Mississippi Rule of Civil Procedure 6(e) when she calculated the sixty-day filing period.  The Department of Revenue counters that the Mississippi Rules of Civil Procedure do not apply to tax appeals filed in chancery court

---

[3] Miss. Code Ann. § 27-77-7(1) (Rev. 2013).

[4] Miss. Code Ann. § 27-77-7(3).

[5] *Id.*

[6] ***Khurana***, 85 So. 3d at 855.

3

and that the Mississippi Rules of Appellate Procedure apply instead. We agree with the taxpayers' assertion that the Mississippi Rules of Civil Procedure apply, but we disagree that Rule 6(e) should have been used to calculate the filing period and we clarify when our Court-made rules begin to apply.

¶8. Absent legislative authority, taxpayers have no right to appeal decisions of the Board of Tax Appeals.[7] The Legislature has authorized such appeals to be filed in chancery court.[8] As this Court previously has explained, we diligently guard "the Legislature's prerogative to set forth in legislation whatever substantive, pre-suit requirements for causes of action, and prerequisites to filing suit, it deems appropriate."[9] Consequently, this Court's procedural rules have no application until litigation is filed in a court.[10]

¶9. Because the procedures at issue—the calculation of the period of time to file the appeal—control matters that take place before the filing of the appeal, this Court is without authority to require the calculation to be made using our Court-made rules of procedure. The proper source for the calculation procedure is Section 1-3-67, which provides that "the day of the act, event[,] or default . . . shall not be included. The last day of the period so computed shall be included unless it is a . . . Sunday."[11]

---

[7] *Id.*

[8] Miss. Code Ann. § 27-77-7.

[9] *Wimley v. Reid*, 991 So. 2d 135, 139 (Miss. 2008).

[10] *Id.*

[11] Miss. Code Ann. § 1-3-67 (Rev. 2014).

4

¶10.    When a party presents a complaint, appeal from an agency, or other pleading, to the judicial system for filing, the rules promulgated by this Court will apply.[12]   This is perfectly consistent with our recent holding that the Mississippi Rules of Civil Procedure govern Section 27-77-7 tax appeals—once they are filed—in chancery court.[13]   Indeed, "[t]he chancery court proceedings mark the first time a taxpayer may *judicially challenge* the legality of the [Board of Tax Appeals'] final decision."[14]

¶11.    Accordingly, we must reject the taxpayers' argument that Rule 6(e) of the Mississippi Rules of Civil Procedure should have been used to calculate the sixty-day appeal period.  We are without authority to hold otherwise.

¶12.    Applying Section 1-3-67 to the facts before us, the sixty-day period began on January 16, 2013—the date the Board issued its ruling—and expired on Monday, March 18, 2013.  Although the chancellor properly calculated the filing period, she applied the wrong counting rule.  Regardless, the taxpayers' appeal fails because they neither paid their taxes under protest before appealing nor posted a surety bond with their appeal.

## CONCLUSION

---

[12] *Newell v. State*, 308 So. 2d 71, 76 (Miss. 1975) (citing *Matthews v. State*, 288 So. 2d 714 (Miss. 1974); *Gulf Coast Drilling & Exploration Co. v. Permenter*, 214 So. 2d 601 (Miss. 1968); *S. Pac. Lumber Co. v. Reynolds*, 206 So. 2d 334 (Miss. 1968)) ("The inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts."); *see also* Miss. Const. art. 6, § 144 ("The judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this constitution.").

[13] *Fishbelt Feeds, Inc. v. Miss. Dep't of Revenue*, No. 2013-SA-00299-SCT, 2014 WL 3891632, at *3 (Miss. Aug. 7, 2014).

[14] *Equifax, Inc. v. Miss. Dep't of Revenue*, 125 So. 3d 36, 42 (Miss. 2013) (interpreting prior version of Mississippi Code Section 27-77-7) (emphasis added).

¶13.    We affirm the chancellor's judgment because the taxpayers failed to comply with the requirements of Section 27-77-7, rendering the chancery court without appellate jurisdiction to hear the appeal.

¶14.    **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR**.