# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-00549-SCT

*MARLENA ROBINSON*

*v.*

***ED MORGAN, IN HIS OFFICIAL CAPACITY AS
THE COMMISSIONER OF REVENUE OF THE
MISSISSIPPI DEPARTMENT OF REVENUE***

| | |
|---|---|
| DATE OF JUDGMENT: | 03/15/2016 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| TRIAL COURT ATTORNEYS: | JAMES GARY McGEE, JR. |
| | JON FRANCIS CARMER, JR. |
| | JOHN STEWART STRINGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JAMES GARY McGEE, JR. |
| | WILLIAM HARRISON WEBB |
| ATTORNEYS FOR APPELLEE: | JON FRANCIS CARMER, JR. |
| | JOHN STEWART STRINGER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KITCHENS AND MAXWELL, JJ.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Before January 1, 2015, Mississippi Code Section 27-77-7 required taxpayers wishing to appeal tax assessments affirmed by the Board of Tax Appeals to post surety bonds for half the assessed taxes or pay the taxes under protest.[1] But the Legislature amended the statute to remove that bonding requirement for appeals from assessments imposed after the

---

[1] Miss. Code Ann. § 27-77-7(3) (Rev. 2010).

amendment's effective date of January 1, 2015.[2]  Marlena Robinson failed to post a bond or pay her taxes when she appealed a February 4, 2014, tax assessment, so the chancellor dismissed her appeal.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Marlena Robinson and her former husband owned D&M Enterprises, LLC.  D&M incurred sales and withholding tax liabilities throughout 2012 and 2013.  But, in August 2013, D&M went out of business.  So, on February 4, 2014, the Mississippi Department of Revenue assessed Robinson as the responsible person for the unpaid taxes.

¶3.     Robinson challenged the assessment before the Department's Board of Review, claiming she was not responsible for D&M's fiscal management.  The Board of Review upheld the assessment, as did the Board of Tax Appeals.  So on June 1, 2015, Robinson appealed to the Chancery Court for the First Judicial District of Hinds County under Mississippi Code Section 27-77-7.

¶4.     The Department moved to dismiss the appeal, arguing the chancery court lacked jurisdiction because Robinson had failed to post a surety bond or pay the assessed taxes.  The chancellor granted the motion and Robinson appealed to this Court, arguing the chancellor erred because the pre-amendment bond or payment requirement should not apply to an appeal filed after the amendment's effective date.

## ANALYSIS

---

[2] Miss. Code Ann. § 27-77-7 (Supp. 2016) (editor's note).

¶5.    When "taxpayers fail[] to comply with the statutory requirements by either paying their taxes under protest before appealing, or posting a surety bond with their petition[,] . . . the chancery court lack[s] appellate jurisdiction over the taxpayers' appeal."[3]

¶6.    Before January 1, 2015, Mississippi Code Section 27-77-7 stated:

> A petition filed by a taxpayer under subsection (1) of this section that appeals an order of the Board of Tax Appeals affirming a tax assessment shall be accompanied by a surety bond approved by the clerk of the court in a sum half the amount in controversy, conditioned to pay the judgment of the court. . . . As an alternative to the posting of bond, a taxpayer appealing an order of the Board of Tax Appeals affirming a tax assessment may, prior to the filing of the petition, pay to the agency, under protest, the amount ordered by the Board of Tax Appeals to be paid and seek a refund of such taxes, plus interest thereon, in the appeal.[4]

But now, Mississippi Code Section 27-77-7 states:

> Unless otherwise ordered by the chancery court upon motion by the agency, no taxpayer appealing an order of the Board of Tax Appeals under this section shall be required to post security or a bond, or otherwise pay to the agency, under protest or otherwise, any contested taxes, interest, penalties or other amounts.[5]

¶7.    The Mississippi Legislature passed this amendment in House Bill 799 during the 2014 legislative session.[6] House Bill 799 provided that the amendment would "take effect and be in force from and after January 1, 2015."[7] But House Bill 799 contained a saving clause, which states in pertinent part:

---

[3] ***Southside, Inc. v. Miss. Dep't of Revenue***, 158 So. 3d 277, 279 (Miss. 2014).

[4] Miss. Code Ann. § 27-77-7(3) (Rev. 2010).

[5] Miss. Code Ann. § 27-77-7(3) (Supp. 2016).

[6] 2014 Miss. Laws ch. 476.

[7] *Id.*

The provisions of the laws relating to the . . . judicial review of such actions which were in effect prior to the effective date of this act are expressly continued in full force, effect and operation for the purpose of providing . . . judicial review of any assessment . . . where the initial date of said assessment . . . is before the date on which this act becomes effective.[8]

¶8.     Under this clause, the effective statutory provisions for pursuing judicial review depend on the date of the assessment, not the date of the appeal. When the assessment occurred on February 4, 2014, the bond requirement was in effect, so under the saving clause, it matters not that the appeal occurred after the amendment's effective date.

¶9.     But Robinson argues the saving clause should not apply for several reasons. First, she believes the saving clause is ambiguous and should be interpreted in favor of the taxpayer. Robinson's alleged ambiguity arises from the fact that the present version of the statute says "no taxpayer . . . shall be required to post security or a bond, or otherwise pay to the agency, under protest or otherwise, any contested taxes."[9] In other words, Robinson believes the Court cannot give literal effect to both the present language in the statute and that in the saving clause because the statute states no taxpayer shall be required to post a bond, but the saving clause would do that very thing.

¶10.    But this simply is the nature of a saving clause. Black's Law Dictionary defines "saving clause" as "[a] statutory provision exempting from coverage something that would otherwise be included. A saving clause is generally used in a repealing act to preserve rights

---

[8] *Id.*

[9] Miss. Code Ann. § 27-77-7(3) (Supp. 2016).

and claims that would otherwise be lost."[10] When the Legislature amends a statute and inserts a clause providing that the old version will apply to certain cases, applying the old law to those cases necessarily will conflict with the amended version.

¶11.   Next, Robinson raises concerns about how the saving clause has been codified, and whether litigants can be expected to know it exists.  House Bill 799 amended seventeen statutes.[11] The Legislature divided the bill into twenty sections.[12] Each of the first seventeen sections contained the text of one amended statute.[13]  Sections eighteen through twenty contained provisions about when the amendments would take effect.[14]  Section twenty provided the general effective date for the amendments, January 1, 2015.[15]  But section nineteen contained the saving clause.[16]

¶12.   When LexisNexis published the amendments in the 2016 supplement to Title 27 of its published code, it included the language of section nineteen in an "Editor's Note"

---

[10] *Saving Clause*, Black's Law Dictionary 1146 (abr. 9th ed.).

[11] 2014 Miss. Laws ch. 476.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

following Section 27-77-7.[17] This Editor's Note is followed by an "Amendment Note" which includes the January 1, 2015, effective date.[18]

¶13. Robinson argues it is unfair to expect a litigant to identify and follow a saving clause found in the Editor's Note. But the Editor's Note immediately follows Section 27-77-7, in the same section where one must look to find the amendment's effective date. It accurately states the language adopted by the Legislature in House Bill 799. Further, Robinson cites no authority supporting the contention that she is excused from a statutory requirement because of how the publisher organized the code. Further, even if the saving clause were omitted in LexisNexis's published code, the General Laws of Mississippi—with the provision included—would control.[19]

**CONCLUSION**

¶14. We affirm the chancellor's decision to dismiss this appeal. Robinson admits she neither posted a bond nor paid her assessed taxes under protest. This Court has held this requirement must be fulfilled for the chancery court to have appellate jurisdiction. And, while the Legislature has eliminated the bond or payment requirement, the saving clause in House Bill 799 leaves Robinson subject to the pre-amendment version of the statute.

---

[17] Miss. Code Ann. § 27-77-7 (Supp. 2016) (editor's note).

[18] *Id.*

[19] Miss. Code Ann. § 1-1-8 (Rev. 2014) ("[I]f there is any conflict between the language of any statute as it appears in the Mississippi Code of 1972 Annotated and in the General Laws of Mississippi, the language in the General Laws shall control.").

6

¶15.   **AFFIRMED.**

      **WALLER, C.J., RANDOLPH, P.J., KITCHENS, KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**