# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00105-COA

**ALI ALMASRI**                                                                 **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF REVENUE**                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2016 |
| TRIAL JUDGE: | HON. C. MICHAEL MALSKI |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM C. STENNETT |
| ATTORNEYS FOR APPELLEE: | JON FRANCIS CARMER JR. |
| | MORTON WARD SMITH |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 08/06/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2018-CA-00107-COA

**ALI ALMASRI**                                                                 **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF REVENUE**                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2016 |
| TRIAL JUDGE: | HON. C. MICHAEL MALSKI |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM C. STENNETT |
| ATTORNEYS FOR APPELLEE: | JON FRANCIS CARMER JR. |
| | MORTON WARD SMITH |
| NATURE OF THE CASE: | STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 08/06/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

ALI ALMASRI                                                    APPELLANT

v.

MISSISSIPPI DEPARTMENT OF REVENUE                             APPELLEE

DATE OF JUDGMENT:           06/17/2016
TRIAL JUDGE:                HON. C. MICHAEL MALSKI
COURT FROM WHICH APPEALED:  LEE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:     WILLIAM C. STENNETT
ATTORNEYS FOR APPELLEE:     JON FRANCIS CARMER JR.
                            MORTON WARD SMITH

NATURE OF THE CASE:         STATE BOARDS AND AGENCIES
DISPOSITION:                AFFIRMED - 08/06/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

ALI ALMASRI                                                    APPELLANT

v.

MISSISSIPPI DEPARTMENT OF REVENUE                             APPELLEE

DATE OF JUDGMENT:           06/17/2016
TRIAL JUDGE:                HON. C. MICHAEL MALSKI
COURT FROM WHICH APPEALED:  LEE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:     WILLIAM C. STENNETT
ATTORNEYS FOR APPELLEE:     JON FRANCIS CARMER JR.
                            MORTON WARD SMITH

NATURE OF THE CASE:         STATE BOARDS AND AGENCIES
DISPOSITION:                AFFIRMED - 08/06/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## NO. 2018-CA-00110-COA

**ALI ALMASRI**                                                                                    **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF REVENUE**                                    **APPELLEE**

DATE OF JUDGMENT:              06/17/2016
TRIAL JUDGE:                   HON. C. MICHAEL MALSKI
COURT FROM WHICH APPEALED:     LEE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        WILLIAM C. STENNETT
ATTORNEYS FOR APPELLEE:        JON FRANCIS CARMER JR.
                               MORTON WARD SMITH
NATURE OF THE CASE:            STATE BOARDS AND AGENCIES
DISPOSITION:                   AFFIRMED - 08/06/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    Ali Almasri appeals the Lee County Chancery Court's dismissal of his five appeals for lack of jurisdiction. On appeal, Almasri also challenges the constitutionality of Mississippi Code Annotated section 27-77-7 (Rev. 2010). Because Almasri failed to comply with section 27-77-7, we find Almasri's constitutional challenge procedurally barred and affirm the chancery court's judgment.

## FACTS

¶2.    In 2012, Almasri owned and operated several convenience stores in Tupelo, Mississippi. The Mississippi Department of Revenue (MDOR) audited Almasri's businesses in August 2012 for sales tax, special county tax, and withholding tax. The MDOR also

3

audited Almasri's individual income tax. In June 2013, the MDOR issued tax assessments against Almasri for sales tax ($55,091), special county tax ($665), withholding tax ($14,565), E-911 prepaid wireless tax ($9,778), and individual income tax ($24,230). The assessments totaled $104,329.

¶3.    Almasri appealed to the MDOR's Board of Review (Board), which affirmed all five assessments but reduced Almasri's sales tax assessment from $55,091 to $49,141, and special county tax assessment from $665 to $352. The reduction in special county tax reduced Almasri's individual income tax assessment by $8,712. Almasri's revised assessments totaled $89,354. He subsequently appealed to the Board of Tax Appeals (BTA), which held a hearing on March 18, 2015. On September 16, 2015, the BTA affirmed the Board's decision through five separate orders.

¶4.    On November 13, 2015, Almasri appealed all five orders to Lee County Chancery Court. The MDOR filed a motion to dismiss, arguing that the chancery court lacked appellate jurisdiction based on Almasri's failure to post a surety bond of one-half the amount in controversy with his petition or prepay the assessment under protest. *See* Miss. Code Ann. § 27-7-7 (Rev. 2010). On May 24, 2016, the court held a hearing on the motion. At the hearing, Almasri's attorney admitted that Almasri failed to post a bond when he appealed or prepay the assessments under protest. He claimed Almasri was unable to pay. Notably, the attorney did not provide an affidavit or sworn testimony regarding Almasri's inability to pay. Instead, he offered into evidence five "property bond" drafts for the court's consideration. The chancery court ultimately found it lacked jurisdiction based on Almasri's failure to post

4

a bond or prepay the taxes under protest. Accordingly, the court granted MDOR's motion to dismiss. Almasri appeals.

## STANDARD OF REVIEW

¶5.    "Jurisdiction and statutory interpretation are matters of law and, therefore, we review de novo a trial court's rulings on such matters." *5K Farms Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 225 (¶14) (Miss. 2012).

## ANALYSIS

### 1.    Requirements of Mississippi Code Section 27-77-7 (Rev. 2010)

¶6.    Almasri challenges the jurisdictional requirements of Mississippi Code section 27-77-7 (Rev. 2010). "Under this clause, the effective statutory provisions for pursuing judicial review depend on the date of the assessment, not the date of the appeal." *Robinson v. Morgan*, 214 So. 3d 188, 190 (¶8) (Miss. 2017). Almasri's assessments occurred in 2013. The statute controlling the appeal from the BTA to the chancery court is Mississippi Code section 27-77-7 (Rev. 2010). The statute was enacted in 2005 and has been amended twice since then—in 2009 and 2014. The 2009 version of the statute, which controls the appeal in this case, read as follows:

> A petition filed by a taxpayer under subsection (1) of this section that appeals an order of the Board of Tax Appeals affirming a tax assessment *shall be accompanied by a surety bond* approved by the clerk of the court *in a sum half the amount in controversy*, conditioned to pay the judgment of the court. The clerk shall not approve a bond unless the bond is issued by a surety company qualified to write surety bonds in this state. *Notwithstanding the above bond requirement, the chancellor retains jurisdiction, after motion, notice and hearing, to reduce the amount of the bond provided herein or to forego the bond in its entirety if he finds that the interest of the state to obtain payment of the taxes, penalties and interest in issue in the appeal are otherwise*

> *protected*. As an alternative to the posting of bond, a taxpayer appealing an order of the Board of Tax Appeals affirming a tax assessment may, prior to the filing of the petition, pay to the agency, under protest, the amount ordered by the Board of Tax Appeals to be paid and seek a refund of such taxes, plus interest thereon, in the appeal.

Miss. Code Ann. § 27-77-7(3) (Rev. 2010) (emphasis added). The statute explicitly stated that, to properly perfect an appeal, the taxpayer must either post a bond with his petition in chancery court or pay the assessments prior to filing he petition. *See* Miss. Code Ann. § 27-77-7 (3) (Rev. 2010). Our supreme court, in interpreting this requirement, held that "[f]ailure to perfect such an appeal would deprive the chancery court of authority to review and revise the particular cause or issues presented in that appeal, since the chancery court's authority to review the decisions of the Commission is governed by compliance with the statute." *Khurana v. Miss. Dep't of Revenue*, 85 So. 3d 851, 855 (¶7) (Miss. 2012); *see also Southside Inc. v. Miss. Dep't of Revenue ex rel. Morgan*, 158 So. 3d 277, 279 (¶6) (Miss. 2014) (finding the chancery court lacked appellate jurisdiction because taxpayers failed to comply with the statutory requirements by either paying their taxes under protest before appealing, or posting a surety bond with their petition).

¶7. Almasri failed to post any bond. He claims on appeal he lacked the financial means to post a bond. The statute contains a provision for those with financial hardships. The MDOR filed a motion to dismiss the appeal on December 28, 2015, and a hearing was set for May 24, 2016. At that hearing, Almasri, for the first time, asked the court to allow him to perfect his appeal by filing a self-created property bond. The chancellor denied the request and dismissed the appeal due to failure to comply with the bond requirement.

6

"Notwithstanding the [] bond requirement, the chancellor retains jurisdiction, after motion, notice and hearing, to reduce the amount of the bond provided herein or to forego the bond in its entirety . . . ." Miss. Code Ann. § 27-77-7(3) (Rev. 2010). Almasri could have availed himself of the opportunity to file a motion for a reduction or waiver of the bond. He did not. His first attempt at posting his bond was six months after filing his notice of appeal.

¶8. Almasri admits he neither posted a bond nor paid his assessed taxes under protest. Further, Almasri admits he never sought relief by filing a motion in chancery court for a lower bond pursuant to the statute in effect at the time of the assessment. Our supreme court has held that "this requirement must be fulfilled for the chancery court to have appellate jurisdiction." *Robinson*, 214 So. 3d at 191 (¶14). Accordingly, we affirm the chancery court's dismissal of Almasri's appeals.

## 2.      Constitutionality of Mississippi Code Section 27-77-7 (Rev. 2010)

¶9. Almasri also challenges the constitutionality of Mississippi Code Section 27-77-7 (Rev. 2010). Specifically, he argues that his due-process and equal protection rights were violated because his financial inability to post a bond deprived him of access to the court to appeal his tax assessment.

¶10. Almasri raises this issue for the first time on appeal. "This Court's general policy is that 'errors raised for the first time on appeal will not be considered, especially where constitutional questions are concerned.'" *In re Miss. Medicaid Pharm. Average Wholesale Price Litig.*, 190 So. 3d 829, 845 (¶35) (Miss. 2015) (quoting *Powers v. Tiebauer*, 939 So. 2d 749, 752 (¶8) (Miss. 2005)). Furthermore, Almasri failed to comply with Rule 24(d) of

7

the Mississippi Rules of Civil Procedure, which requires that proper notice be given to the Attorney General when the constitutionality of a statute is challenged "to afford him an opportunity to intervene and argue the question of constitutionality." *Dedeaux Util. Co. v. City of Gulfport*, 63 So. 3d 514, 534 (¶53) (Miss. 2011). Almasri's failure to raise the issue of the constitutionality of section 27-77-7 before the trial court and to notify the Attorney General renders the issue procedurally barred.

### 3. Almasri's Reply Brief

¶11. On appeal, MDOR filed a motion to strike Almasri's reply brief and Exhibit A attached to the reply brief. Almasri filed his reply brief and alleged "certain facts that he would have presented to an independent Magistrate . . . ." The reply brief contains no citations to the record or any applicable law. Further, attached to the reply brief was a letter drafted pro se by Almasri addressed to "the honorable judges in the Supreme Court." The letter contains Almasri's personal opinions about the case, his personal knowledge regarding the operation of his convenience store, and the effect this lawsuit has had on him and his family. The information in his reply brief is outside of the record and was not presented to the chancery court. The reply brief contains new information Almasri attempts to inject in the record on appeal. The reply brief is not a reply at all. This Court finds the MDOR's motion to strike the reply brief is well taken and should be and hereby is granted.

### CONCLUSION

¶12. We find the chancery court properly dismissed Almasri's appeal for lack of jurisdiction. We also find Almasri's constitutional challenge procedurally barred.

Accordingly, we affirm the chancery court's judgment.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, TINDELL, McCARTY AND C. WILSON, JJ., CONCUR. WESTBROOKS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY McCARTY, J. J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., NOT PARTICIPATING.**

**WESTBROOKS, J., SPECIALLY CONCURRING:**

¶14. I agree with the majority's opinion and write separately only to emphasize the importance of following procedures necessary to ensure that pertinent statements and representations are eligible for consideration as evidence and thereby designated as a part of the record.

¶15. The majority opinion notes that during the hearing on the MDOR's motion to dismiss, counsel for Almasri indicated his client was unable to pay the required bond or assessment under protest. Though officers of the court, lone "statements by attorneys are not evidence." *Wackenhut Corp. v. Fortune*, 87 So. 3d 1083, 1092 (¶27) (Miss. Ct. App. 2012) (Court held circuit court erred by allowing expert witness's baseless testimony; expert's assertion was partially supported by lone attorney statement indicating plaintiff's sobriety). As noted, there was no affidavit or sworn testimony supporting the attorney's representation to the court; the lack thereof precluded Almasri's alleged inability to pay from evidence in the chancery court, and consequently, the record this court considered on appeal.

¶16. To establish evidentiary value, it is imperative that attorneys take the opportunity to (1) reduce the statement(s) to written form by sworn affidavit or (2) provide sworn testimony

9

to affirm any potentially relevant assertions.  In instances where assertions, such as the one Almasri's attorney made, may impact the outcome of a proceeding or appeal, the statements need to be a part of admitted (or proffered) evidence in the record.  Lone statements or arguments of counsel simply are not enough.

**McCARTY, J., JOINS THIS OPINION.**

10