ON WRIT OF CERTIORARI

WALLER, Chief Justice,
for the Court:
¶ 1. The Public Employees’ Retirement System (PERS) denied Sherry Walker’s requests for regular and duty-related disability benefits. The Hinds County Circuit Court reversed PERS’s decision. The Court of Appeals reversed the circuit court, reinstating PERS’ denial of benefits. We find that PERS’ decision to deny Walker’s request for regular disability benefits was unsupported by substantial evidence. Accordingly, we reverse in part the opinion of the Court of Appeals. We also reverse the judgment of the Hinds County Circuit Court, and we remand this case to the circuit court with instructions to enter judgment in Walker’s favor on her regular disability benefits claim.

STATEMENT OF THE CASE

¶ 2. Sherry Walker worked as a teacher in the South Pike School District for thirteen years. In 1998, Walker fell during a classroom demonstration, injuring her neck, back, and wrists. She then applied for regular and duty-related disability benefits from PERS, claiming that her workplace injury had exacerbated her preexisting degenerative disease and fibromyalgia. Other facts, including a summary of Walker’s treatment by various physicians, will be discussed as necessary later in this opinion.
¶ 3. After reviewing Walker’s medical records and other evidence, the PERS Medical Board denied Walker’s request for benefits. Walker appealed to the PERS Disability Appeals Committee (DAC), which also concluded that Walker’s medical condition was not severe enough to prevent her from performing her normal work duties. Thus, the DAC recommended that the PERS Board of Trustees deny Walker’s request for benefits. The Board of Trustees adopted the DAC’s recommendation, and Walker appealed to the Hinds County Circuit Court. The circuit court reversed the Board of Trustees’ decision, finding that PERS’ denial of duty-related benefits was not supported by substantial evidence.
¶ 4. PERS appealed the circuit court’s decision, and the case was assigned to the Court of Appeals. Walker cross-appealed on the issue of whether she was entitled to regular disability benefits. The Court of Appeals reversed the circuit court’s decision and rendered judgment in favor of PERS, finding that substantial evidence supported PERS’ denial of both regular and duty-related benefits. We granted Walker’s petition for writ of certiorari to determine whether PERS’ denial of disability benefits was supported by substantial evidence, when PERS had declined to conduct an independent medical examination of Walker.

STANDARD OF REVIEW

¶ 5. This Court’s standard of review of the decision of an administrative agency is well-settled. “[A]n agency’s conclusions must remain undisturbed unless the agency’s order: 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s *895 constitutional rights.” Pub. Employees’ Ret. Sys. v. Marquez, 774 So.2d 421, 425 (Miss.2000) (citations omitted). This Court may neither substitute its own judgment for that of the agency which rendered the decision nor reweigh the facts of the case. Mississippi Pub. Serv. Comm’n v. Merchants Truck Line, Inc., 598 So.2d 778, 782 (Miss.1992). “There is a rebutta-ble presumption in favor of a PERS ruling.” Pub. Employees’ Ret. Sys. v. Dishmon, 797 So.2d 888, 891 (Miss.2001) (citing Brinston v. Pub. Employees’ Ret. Sys., 706 So.2d 258, 259 (Miss.Ct.App.1998)).

DISCUSSION

I. Whether PERS’ denial of regular disability benefits was supported by substantial evidence.
¶ 6. PERS provides state employees with alternative disability and retirement income. Miss.Code Ann. § 25-11-3 (Rev.2010). Two types of disability benefits are available to state employees. Regular disability benefits cover employees with the requisite of amount of creditable service[1] who become disabled for any reason. Dishmon, 797 So.2d at 892. Duty-related disability benefits cover state workers who suffer injury during the performance of work-related duties, regardless of the number of years of service. Id. However, before the claimant is entitled to receive benefits, the claimant must prove that he or she is “disabled,” which is defined by statute as:
[T]he inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in eom-pensation, or the incapacity to perform the duties of any employment covered by the PERS that is actually offered and is within the same general territorial work area, without material reduction in compensation.
Id. at 893; Miss.Code Ann. § 25-11-113(l)(a) (Rev.2010). The PERS Medical Board also must certify that the claimant is “mentally or physically incapacitated for the further performance of duty, that the incapacity is likely to be permanent, and that the member should be retired[.]” Miss.Code Ann. § 25-ll-113(l)(a) (Rev. 2010).
¶ 7. After reviewing the voluminous medical evidence in this case, PERS found that Walker was not disabled. Thus, we must review the evidence before the agency to determine whether this finding was supported by substantial evidence. “Substantial evidence means something more than a ‘mere scintilla’ or suspicion.” Marquez, 774 So.2d at 425 (citing Miss. Real Estate Comm’n v. Anding, 732 So.2d 192, 196 (Miss.1999)). Substantial evidence has been defined further as “such relevant evidence as reasonable minds might accept as adequate to support a conclusion.” Delta CMI v. Speck, 586 So.2d 768 (Miss.1991).
¶ 8. Walker’s chiropractor Dr. Edward Long diagnosed Walker with a lumbro-sacral sprain, lumbar radiculitis, and cervi-co-brachial syndrome and assigned a fifty-one-percent impairment rating to her body as a whole. Dr. Long indicated that Walker was unable to climb stairs or walk short distances and considered Walker’s disability permanent, stating, “This injury aggravated, accelerated and agitated previous symptoms which continue to keep her dis *896 abled.” Dr. James Hughes, an orthopedic surgeon, evaluated Walker’s neck and back and observed that “[Walker] has serious preexisting conditions that certainly may prevent her from returning to work even to light duty. For this, her other physician should be consulted.” Dr. Robert Van Uden, another orthopedic surgeon, began treating Walker in January 1998 for fibromyalgia and chronic pain. Dr. Van Uden opined that Walker “is currently unable to work as a full-time elementary school teacher,” but that “she might be able to engage in some sort of limited teaching role, so long as she did not have prolonged standing, sitting or repetitive bending.” Walker’s job required frequent (two-thirds of the day) walking, sitting, squatting, standing, and bending. Dr. Van Uden also stated, “I would think that her fibromyalgia, lupus, and Chronic Fatigue Syndrome contribute extremely significantly to her overall disability at this point.” Dr. Henry Lewis, Walker’s primary physician, concluded that Walker was permanently disabled because there is “no known cure” for her conditions. Dr. James Hensarling, Walker’s rheumatologist, confirmed that Walker suffered from fibromyalgia and lupus, but provided no prognosis and did not give an opinion on Walker’s level of disability.[2] Dr. Douglas Draper, a psychologist, and Dr. Donald Guild, a psychiatrist, both diagnosed Walker with chronic dysthymic disorder and chronic dependent personality disorder, with moderate severity and moderate-to-poor prognosis. PERS chose not to conduct an independent examination of Walker.
¶ 9. Although PERS is not required to perform an independent examination of a claimant, we previously have reversed PERS’ denial of regular disability benefits when the credible evidence supported a finding of disability and PERS chose not to conduct an independent medical examination. In Marquez, 774 So.2d at 423-24, the claimant, a fifth-grade special-education teacher, sought regular disability benefits from PERS after being forced to resign from her job due to her failing health. The PERS Medical Board had before it evidence of the claimant’s numerous medical ailments, including severe depression and fibromyalgia. Id. at 426. Two of the claimant’s treating physicians also opined that the claimant was “unemployable” due to her history of medical difficulties. Id. Yet, PERS denied her request for benefits, finding that there was “insufficient objective evidence” to support the claimant’s assertion that she could not perform her job. Id. at 424. The Hinds County Circuit Court reversed PERS’ decision, finding that the claimant had proven that PERS’ decision was not supported by substantial evidence. Id. In affirming the judgment of the circuit court, we held:
[W]e do not know what it was about the evidence that persuaded the board that Marquez was not disabled. PERS put forth no controverting evidence in the face of various medical diagnoses made by various credible doctors. When medical evidence and testimony by Marquez is contrasted with PERS’ rationale for denial of benefits, the evidence supporting PERS’ decision to deny benefits appears insubstantial.... PERS has stated only that Marquez lacks sufficient “objective” medical evidence.
Id. at 429. Because PERS failed to explain its reasons for denying benefits in light of the objective diagnoses made by Marquez’s treating physicians, we held *897 that PERS’ decision was not supported by substantial evidence. Id.
¶ 10. In Public Employees’ Retirement System v. Dearman, 846 So.2d 1014, 1015 (Miss.2003), a teacher who suffered from fibromyalgia, chronic migraine headaches, chronic fatigue syndrome, and various other conditions was advised by her primary physician to seek medical retirement. The claimant quit her job and sought regular disability benefits from PERS. Id. at 1016. The superintendent of education and the principal of the claimant’s school certified that, in their official opinions, the claimant was unable to perform her job duties, and that no reasonable alternate accommodations would allow the claimant to continue her employment. Id. The only medical evidence in the record indicated that the claimant was permanently disabled due to her medical condition. Id. The PERS Medical Board did not conduct its own examination of the claimant, nor did it request that an independent physician examine the claimant. Id. Nevertheless, PERS determined that the claimant was not permanently disabled. Id. The circuit court reversed PERS’ decision, and this Court affirmed the circuit court’s judgment, finding PERS’ decision was unsupported by substantial evidence. Id. at 1019. After reviewing the substantial evidence supporting the claimant’s assertion of disability, this Court noted:
Conversely, the record is devoid of any evidence that Dearman is not disabled. PERS failed to offer any medical evidence which disputed the opinions of Drs. Millette, Witty, Nicholls, Smith, Redman and Orleans. PERS contends physicians on the Medical Board and the [DAC] reviewed the evidence and determined that Dearman was not disabled. However, this opinion is not conclusive. PERS cannot choose to ignore the only evidence in the record from the examining physician, especially where it chose not to exercise its right to an independent medical evaluation under Miss. Code Ann. § 25-ll-113(l)(c) (Rev.1999).
Id. at 1018. Because the uncontroverted medical evidence before PERS indicated that the claimant was disabled, we held that PERS’ decision to deny benefits was arbitrary and capricious. Id. at 1019.
¶ 11. After a thorough review of the record, we cannot say that PERS’ decision to deny Walker regular disability benefits was supported by substantial evidence. PERS had before it the records of multiple doctors who indicated that Walker was unable “to perform the usual duties of employment!.]” Miss.Code Ann. § 25-11-113(l)(a) (Rev.2010). Dr. Van Uden opined that Walker may have been able to perform some limited part-time teaching duty, as long as it did not require repetitive sitting, standing, or bending. However, Walker’s employer indicated that sitting, standing, and bending were among the central requirements of Walker’s job as a second-grade teacher. All of this evidence indicates that Walker was unable to return to woi'k, and none of Walker’s doctors explicitly indicated that Walker was not disabled. See Knight v. Pub. Employees’ Ret. Sys., 108 So.3d 912, 921 (Miss.2012) (finding that PERS’ denial of disability benefits was unsupported by substantial evidence, where claimant’s physicians suggested, but did not explicitly state, that claimant was disabled, and no physician concluded that claimant was not disabled). PERS acknowledged that Walker suffered from various medical conditions, including “some sort of rheumato-logical thing,” but seemed to disregard Walker’s physicians’ opinions that Walker suffered from fibromyalgia and lupus. The DAC stated that “just because someone has a diagnosis does not mean they are disabled.” The DAC also concluded that, based on their observation of Walker at the hearing, that she was not disabled. *898 PERS seemingly rejected Walker’s evidence of disability based solely on its own opinion that fibromyalgia cannot be disabling, and that Walker’s complaints of pain were likely psychological in nature. This opinion is not supported by the record, as PERS advanced no proof to support its theories that Walker’s complaints were psychologically based, or that her fibro-myalgia was not disabling.
¶ 12. The medical diagnoses provided by Walker’s licensed physicians are objective, not subjective, evidence of disability. Marquez, 774 So.2d at 427. “When PERS rejects individual assessments outright, it must not leave in doubt the cumulative effect that each ailment creates for the claimant as a whole, in making its determination.” Public Employees’ Retirement System v. Dishmon, 17 So.3d 87, 95 (Miss.2009). PERS chose not to conduct an independent examination of Walker to confirm its own suspicions or to refute Walker’s evidence of disability. “PERS should not stray from the purpose of [Section 25-11-113], to compensate disabled employees that have not met the 25 year retirement criteria, in denying benefits nor set the bar so high that this purpose is frustrated.” Pub. Employees’ Ret. Sys. v. Shurden, 822 So.2d 258, 265 (Miss.2002). Following this Court’s precedent in Marquez, Dearman, and other factually similar cases, we hold that PERS’ denial of regular benefits in this case was not supported by substantial evidence.
II. Whether PERS’ denial of duty-related disability benefits was supported by substantial evidence.
¶ 13. We agree with the Court of Appeals that substantial evidence supported PERS’ denial of Walker’s request for duty-related disability benefits. See Walker, 2011-SA-00719-COA, 2011 WL 6119191, n. 2 (Miss.Ct.App. May 14, 2013). A claimant seeking duty-related disability benefits must show that his or her disability was the direct result of some work-related accident or traumatic event. Miss. Code Ann. § 25-11-114(6) (Rev.2010) (emphasis added). Walker’s extensive medical records show that her complaints of neck and back pain predate her workplace injury by more than thirty years. Therefore, PERS correctly denied Walker’s request for duty-related disability benefits.

CONCLUSION

¶ 14. The decision of PERS to deny Sherry Walker’s request for regular disability benefits was arbitrary and capricious, as it was unsupported by substantial evidence. Accordingly, we reverse in part the opinion of the Court of Appeals, while affirming its findings with regard to Walker’s duty-related disability benefits. We also reverse the judgment of the Hinds County Circuit Court holding that Walker is entitled to duty-related disability benefits. We remand this case to the circuit court with instructions to enter judgment in Walker’s favor on her claim for regular disability benefits.
¶ 15. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED.
DICKINSON, P.J., KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. LAMAR AND COLEMAN, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.

. Any member in state service who became a member of the system on or after July 1, 2007, must have at least eight years of membership credit service before becoming eligible for regular disability retirement benefits. Miss.Code Ann. § 25 — 11—113(l)(a) (Rev. 2010). Walker became a member of the system prior to that date, so she needed just four years of creditable service to become eligible. Id.

. In his report to PERS, Dr. Hensarling wrote "N/A” in the space provided for describing the permanence of the patient's disability.