# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-SA-00975-COA

**PEGGY S. THOMPSON**                                                                 **APPELLANT**

**v.**

**PUBLIC EMPLOYEES' RETIREMENT SYSTEM**                              **APPELLEE**
**OF MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/14/2018 |
| TRIAL JUDGE: | HON. JOSEPH ANTHONY SCLAFANI |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | GEORGE S. LUTER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SAMUEL MARTIN MILLETTE III JANE L. MAPP |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED  - 11/19/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.    Peggy Thompson filed an application for Public Employees' Retirement System

(PERS) duty-related disability benefits on February 9, 2015.[1]  The PERS Medical Board

reviewed and denied Thompson's application.   The Medical Board determined that

Thompson failed to provide sufficient evidence that she was disabled under Mississippi Code

Annotated sections 25-11-113 or 25-11-114 (Supp. 2011).  Thompson appealed the Medical

---

[1] Thompson later amended her request to include a determination as to non-duty-related disability benefits.

Board's decision to the PERS Disability Appeals Committee. A hearing was held on September 14, 2015. Following the hearing, the Committee recommended the denial of Thompson's application to the PERS Board of Trustees (the Board). The Board adopted the Committee's proposed statement of facts and conclusions of law to deny Thompson's claim for both duty-related and non-duty-related disability benefits on December 15, 2015. Thompson appealed the Board's decision to the Circuit Court of Hinds County. On or about June 12, 2018, the circuit court affirmed the Board's decision to deny Thompson's application for benefits. Aggrieved, Thompson appeals. After review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Thompson worked as a court reporter/court administrator for the Honorable Beverly Franklin in Lowndes County, Mississippi from 2002 until March 2014. Thompson was terminated because she was unable to perform her duties at work. Thompson claims the failure to perform her duties and resulting termination were due to debilitating pain in her hands. Thompson has a long history of hand-related issues. She testified she was first diagnosed with carpal tunnel syndrome in the early 1990s and had surgery during that time to relieve the symptoms. She testified that she has experienced pain and discomfort from recurrent carpal tunnel syndrome continuously since the 1990s. Thompson testified she had open-heart surgery in 1999. Thompson testified she has been diagnosed and treated for carpal tunnel syndrome, trigger finger, and De Quervain syndrome[2] through the years. On

_____

[2] De Quervain syndrome is the inflammation of tendons, resulting in pain on the outside of the wrist. It is uncommon but is effectively treated with rest, physical therapy, and

2

July 21, 2012, Thompson was treated by Dr. Chris Galjour for complaints of bilateral wrist pain. Dr. Galjour performed a trigger-finger digit release on her left hand on August 2, 2013. On October 3, 2013, Dr. Karl Crossen inserted an implantable loop recorder (heart monitor) to record Thompson's heart-electrical activity.

¶3. On July 8, 2014, Dr. Galjour treated Thompson for her recurring carpal tunnel syndrome with an injection. On July 17, 2014, Thompson was given the specific restriction of "no use of her hands" pending an EMG study.[3] Dr. Galjour, in addition to making the restriction contingent upon the EMG study, also noted Thompson had an "excellent prognosis for recovery." Thompson never had the EMG study performed and testified that she sought no further treatment in the year between her termination and the appeals hearing before the Committee.

¶4. At the request of PERS, Thompson underwent an independent medical evaluation on April 17, 2015, by Dr. Laura Gray, who noted that Thompson may have had pain in her hands; however, there were no deformities, swelling, or visible abnormalities that would make typing impossible. Further, Dr. Gray found that Thompson would be able to return to her previous occupation and that she did not meet the criteria for a duty-related disability. The Medical Board denied her application, finding that Thompson failed to provide sufficient evidence that she was disabled under Mississippi Code Annotated sections 25-11-113 or 25-

---

injections. Surgery is the last resort proven to be effective.

[3] EMG stands for electromyogram.

11-114.[4]

¶5.     Thompson appealed to the Committee in September 2015 and was granted a de novo hearing.  At the hearing, Thompson stated that she knew that she had issues with her hands prior to working for Lowndes County; however, the pain had gotten worse over the last several years.  Thompson specifically testified she could not attribute her pain to a single traumatic event or accident; she explained that her pain was the result of repetitive use. Thompson also stated that she had undergone open-heart surgery in 1999, had issues with atrial fibrillation, and wears a heart monitor.

¶6.     The Committee recommended the denial of both duty-related and non-duty-related disability benefits, and the Board adopted the Committee's recommendation.  Thompson appealed the Board's decision to the Circuit Court of Hinds County, and the circuit court affirmed the Board's decision.  Aggrieved, Thompson appeals.

**STANDARD OF REVIEW**

¶7.     "This Court's standard of review of an administrative agency's findings and decisions is well established." *Pub. Emps.' Ret. Sys. v. Stamps*, 898 So. 2d 664, 673 (¶27) (Miss. 2005) (quoting *Byrd v. Pub. Emps' Ret. Sys.*, 774 So. 2d 434, 437 (¶11) (Miss. 2000)). "An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights." *Id*.

¶8.     "However, whether a party received due process is a question of law, which an

---

[4] At the hearing, Thompson amended her application to include non-duty-related disability benefits.

4

appellate court reviews de novo." *Holt v. Miss. State Bd. of Dental Exam'rs*, 131 So. 3d 1271, 1276 (¶7) (Miss. Ct. App. 2014) (citing *Akins v. Miss. Dep't of Rev.*, 70 So. 3d 204, 208 (¶9) (Miss. 2011)).

## DISCUSSION

I. **Whether the decision of PERS's Board of Trustees to deny Thompson both duty-related and non-duty-related disability benefits was supported by substantial evidence.**

¶9.     PERS members can apply to receive disability benefits in two scenarios, and either of which, if successful, can result in an award of disability benefits to the member. First, members can claim disability benefits for non-duty-related disability pursuant to Mississippi Code Annotated section 25-11-113. This section applies to any vested member who becomes disabled for any reason. *Id.* Second, members injured at work while performing their duties can receive duty-related disability benefits pursuant to Mississippi Code Annotated section 25-11-114, regardless of the number of years served in employment. Disability is defined as the "inability to perform the usual duties of employment." Miss. Code Ann. § 25-11-113(1)(a).

¶10.    This Court has applied the above statutes concerning disability claims as follows:

> Any member that claims they are in need of disability benefits has the burden to prove the following elements through sufficient evidence: 1) the claimant is mentally or physically incapacitated for the further performance of their duty; 2) the incapacity is likely permanent; and 3) the claimant should retire.

*Ulrich v. Pub. Emps.' Ret. Sys.,* No. 2018-SA-00306-COA, 2019 WL 1448512, at *3 (¶13) (Miss. Ct. App. Apr. 2, 2019). Regarding duty-related disability benefits, in addition to the

5

above, this Court further stated, "[A]n individual who applies specifically for duty related disability benefits must prove that they were disabled as a 'direct result of an accident or traumatic event resulting in a physical injury occurring in the line of performance of a duty.'" *Id*. (quoting Miss. Code Ann. § 25-11-114 (Supp. 2015)).

¶11.    Thompson applied for both types of disability benefits. In denying Thompson's application for benefits, the Board found "that Peggy Thompson is not disabled as that term is defined and held applicable herein in order to qualify for duty-related or non duty-related disability benefits." The Hinds County Circuit Court affirmed the Board's decision, specifically stating the Board's decision was "supported by substantial evidence, including the findings of the physician that conducted an independent medical evaluation and Thompson's own physician who opined that her prognosis is good; thus the decision of the Board is not arbitrary and capricious."

¶12.    While it is undisputed that Thompson suffers from pain-causing conditions, there was no evidence presented that any physician found her to be disabled.  In fact, her treating physician, Dr. Galjour, stated she was likely to recover.  Further, according to the EME that Dr. Gray performed, there were no records or opinions offered to suggest Thompson has a permanent and likely total-occupational disability.  Thompson further testified at the hearing that she never had the EMG study performed and has not sought any further treatment or therapy since her last visit to Dr. Galjour in 2014.  The Mississippi Supreme Court has said PERS is required to "determine which evidence to believe and which evidence should be given greater weight." *Pub. Emps.' Ret. Sys. v. Howard*, 905 So. 2d 1279, 1290 (¶30) (Miss.

2005). "This Court is obligated to give substantial deference to an administrative agency when reviewing its decision on appeal, and this Court would exceed its authority if it were to re-evaluate the evidence and make its own determination of the trustworthiness of some particular testimony." *Knight v. Pub. Emps.' Ret. Sys.*, 108 So. 3d 912, 916 (¶14) (Miss. 2012) (internal quotation mark omitted). In the instant case, there was no evidence presented that Thompson was disabled.

¶13. Regarding duty-related disability benefits, Thompson failed to prove a disability existed; thus, there is no reason to determine if any disability were duty-related because even considering Thompson's argument on appeal, there was no testimony or evidence in the record wherein Thompson claimed that a work-related incident occurred or caused her numerous conditions. "A claimant seeking duty-related disability benefits must show that his or her disability was the *direct* result of some work-related accident or traumatic event." *Pub. Emps.' Ret. Sys. v. Walker*, 126 So. 3d 892, 898 (¶13) (Miss. 2013); *see also* Miss. Code Ann. § 25-11-114(6). Mississippi Code Annotated section 25-11-114(6) provides disability benefits for "any active member who becomes disabled as a direct result of an accident or traumatic event resulting in a physical injury occurring in the line of performance of duty," regardless of the number of years of service. Further, "[p]ermanent and total disability resulting from a cardiovascular, pulmonary or musculo-skeletal condition that was not a direct result of a traumatic event occurring in the performance of duty shall be deemed an ordinary disability." *Pub. Emps.' Ret. Sys. v. Card*, 994 So. 2d 239, 245-46 (¶32) (Miss. Ct. App. 2008); *see also* Miss. Code Ann. § 25-11-114(6).

¶14. In *Card*, the claimant had carpel tunnel and failed to show that her condition was the result of an accident or traumatic event. *Card*, 994 So. 2d at 241-42 (¶¶5-13). Aggravation of pre-existing conditions and/or repetitive use injuries, while possibly qualifying the claimant for regular disability, does not meet the statutory standard for duty-related disability benefits. Here, the State maintains that the evidence reflects that the issues with Thompson's hands pre-date her PERS-covered employment.

¶15. Thompson suffered from carpel tunnel syndrome prior to taking the job in Lowndes County. There was no evidence presented demonstrating Thompson's condition was the result of an accident or traumatic event occurring at work. Further, the record is clear that Thompson's symptoms and treatment was just as much for trigger finger and DeQuervain syndrome. Thompson's treating physician ordered further testing and treatment, specifically an EMG study, which Thompson elected to not have performed. There was no evidence presented that Thompson was permanently disabled as a result of anything, let alone carpel tunnel syndrome. In fact, all the evidence presented by Thompson demonstrated that she could have recovered if she had elected to follow the advice of her physician.

¶16. Like *Card*, Thompson failed to show her condition was the result of a work-related accident or traumatic event.[5] As such, the Board's decision to deny Thompson duty-related disability benefits was supported by substantial evidence. She specifically testified she

[5] Thompson maintains that PERS's decision to deny her application for duty-related disability benefits was not supported by substantial evidence because her boss's deposition was not considered. But, the deposition of the Honorable Beverly Franklin was admitted into evidence, and the deposition reveals no evidence to support Thompson's contention that she is entitled to relief on appeal.

believed her conditions were the result of repetition. While there is evidence in the record that Thompson suffered from carpal tunnel syndrome, trigger finger, DeQuervain's disease, and atrial fibrillation, there is no evidence that any of these conditions were permanently disabling. As a result we find the issues concerning disability are without merit.

## II. Whether PERS's actions violated Thompson's due process rights.

¶17. In her brief, Thompson maintains that the Committee never advised her of the right to be represented by counsel, nor did the committee inquire whether she attempted to obtain counsel. Thus, Thompson contends that her due process rights were violated. "Administrative hearings are not trials and are thereby not governed by the same rules which are applicable to courts of law." *Pub. Emps.' Ret. Sys. v. Stamps*, 898 So. 2d 664, 676 (¶45) (Miss. 2005).

¶18. The circuit court found that the record clearly established Thompson was informed of her right to be represented by counsel and that she was aware of that right prior to the hearing. We agree. In her brief Thompson states in a footnote that she attempted to hire an attorney but could not find one to take her case. Furthermore, Thompson wrote that she had not retained counsel but planned to hire counsel on the "Notice of Appeal" form in the section marked "appealing party's attorney or authorized representative, if any." We find this issue is without merit.

## III. Whether it was Thompson's responsibility to submit all of her pertinent medical information prior to the hearing.

¶19. Thompson asserts that the Committee violated her due process rights in not deferring her case for the purpose of obtaining additional medical records from her cardiologist. Thompson claims that PERS violated her right to a fair hearing when the committee

9

announced it would close the record without her heart-related medical records. At the close of the hearing, when asked by the Committee if she had anything further to say, Thompson asked if she could supply records from her cardiologist at a later date. The Committee said it would be closing the record but would send her a letter if the Committee required any further information. Thompson never claimed her disability was the result of a heart condition, and she brought no information concerning her heart surgery from 1999 with her to the hearing. She also did not bring any documentation regarding the heart monitor that she received while working for the State. In addition to *Stamps* quoted above, our supreme court has said that "board rules must afford minimum procedural due process which is (1) notice and (2) an opportunity to be heard." *State Oil & Gas Bd. v. McGowan*, 542 So. 2d 244, 248 (Miss. 1989). Due process requires

> simply the opportunity to be heard at a meaningful time and in a meaningful manner. The formalities of practice, procedure, and evidence are relaxed in all administrative proceedings, including those concerning licenses. Further, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.

*Holt v. Miss. State Bd. of Dental Exam'rs*, 131 So. 3d 1271, 1279-80 (¶27) (Miss. Ct. App. 2014) (citations and internal quotation marks omitted); *see also Miss. Bd. of Veterinary Med. v. Geotes*, 770 So. 2d 940, 943 (¶14) (Miss. 2000).

¶20. In this particular case (i.e., before an administrative committee), due process does not require anything more than the notice and opportunity to be heard, which was afforded to Thompson. Further, Thompson was allowed to introduce additional documents into evidence that were not produced prior to the hearing. She was fully aware of her responsibility to

10

provide documentation as evidenced by the records and transcripts she produced. The record indicates no medical documentation of a qualifying disability. Thompson never claimed her heart condition caused her to suffer a disability. In her brief, Thompson relies upon *Stevison v. Public Employees Retirement System*, 966 So. 2d 874 (Miss. Ct. App. 2007). In *Stevison*, there was medical evidence of a disability presented to the Committee that had been documented by Stevison's treating physicians and corroborated by a functional capacity exam. *Id*. at 875-78 (¶¶2-13). Missing records in *Stevison* were an issue because "PERS also based its decision on its assumption that, because Stevison had not submitted medical records from all her physicians, those physicians had opined she was not disabled." *Id*. at 882 (¶26). Unlike in *Stevison*, the Board here did not base its ultimate conclusion on records not in evidence that were obtainable. The decision was based on ample evidence that was heavily documented in the record before us. As explained considerably above, the opinions within the record in this case revealed no evidence or allegation of any qualifying disability. Thompson's argument that her due process rights were violated by the Committee's refusal to pause the hearing pending her obtaining more medical documentation is without merit.

¶21.    Our review of the record indicates there was sufficient evidence to support a denial of Thompson's application for disability benefits. Further, the record indicates no due process rights were violated regarding Thompson's ability to obtain counsel or regarding her ability to provide documentation at her hearing before the Committee. The decision of the circuit court is affirmed.

¶22.    **AFFIRMED.**

11

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**